IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ULVAS BROWN     PLAINTIFF

VS.     CIVIL NO. 05-4040

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION     DEFENDANT

## MEMORANDUM OPINION

Ulvas Brown ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits ("DIB"), and supplemental security income ("SSI"), under Titles II and XVI of the Act.

**Background:**

The applications for SSI and DIB now before this court were filed on April 8, 2003, alleging an onset date of May 1, 2001, due to back, leg, and groin pain. (Tr. 14, 62-64, 81, 309-312). An administrative hearing was held on August 17, 2004. (Tr. 319-344). Plaintiff was present and represented by counsel. At that hearing, plaintiff also alleged disability due to schizophrenia and depression. (Tr. 331-332).

On October 4, 2004, the Administrative Law Judge ("ALJ"), issued a written opinion finding that, although severe, plaintiff's degenerative disc disease ("DDD"), did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 26). At this time, plaintiff was thirty-six years old and possessed a high school education. (Tr. 321-322). The record reflects that he had past relevant work experience ("PRW"), as a saw mill worker, delivery truck driver, dump truck driver, roustabout, and line worker. (Tr. 322-325).

After discrediting plaintiff's subjective allegations, the ALJ concluded that he maintained the

residual functional capacity ("RFC"), to perform sedentary work, limited by his ability to only occasionally stoop and crouch and the need for a sit/stand option. (Tr. 26). With the assistance of a vocational expert ("VE"), the ALJ then found that plaintiff could still perform the positions of paramutual ticket taker, charge account clerk, and telephone quotation clerk. (Tr. 27).

On March 31, 2005, the Appeals Council declined to review this decision. (Tr. 5-7). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 4, 5).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of

2

proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the fact that the ALJ determined that plaintiff's mental impairment was non-severe. An ALJ may consider an impairment to be non-severe only if a claimant's medical impairments are so slight that it is unlikely he or she would be found to be disabled even if their age, education, and work experience were taken into account. *See Bowen v.*

*Yuckert*, 482 U.S. 137, 153 (1987). "Only those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits without undertaking the vocational analysis." *Id*. at 158.

In the present case, the ALJ concluded that plaintiff had no mental impairment which significantly limited his ability to perform work-related activities. We note that the ability to do most work activities encompasses "the abilities and aptitudes necessary to do most jobs." *Williams v. Sullivan*, 960 F.2d 86, 88 (8th Cir. 1992). Examples include physical functions such as walking, sitting, standing, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and, dealing with changes in a routine work situation. *Id*. At 88-89; 20 C.F.R. § 1521(b)

A majority of the United States Supreme Court has adopted a standard allowing a finding of a non-severe impairment for "[o]nly those claimants with slight abnormalities that do not significantly limit 'any work activity." *Bowen v. Yuckert*, 482 U.S. 137, 158 (1987). Thus, the sequential evaluation process can be terminated at this stage only in cases where there is "no more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989). While the plaintiff did have the burden of showing a severe impairment that significantly limited his physical or mental ability to perform basic work activities, the burden of a plaintiff at this stage of the analysis is not great. *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001).

Further, the Social Security Administration has published a ruling on the issue of severe impairments which cautions:

> Great care should be exercised in applying the not severe impairment concept. **If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued**. . . . [S]equential evaluation requires that the adjudicator evaluate the individual's ability to do past work, or to do other work based on the consideration of age, education, and prior work experience.

Social Security Ruling 85-28, quoted in *Yuckert*, 482 U.S. at 158 (emphasis supplied). Applying this cautious standard to the evidence in the administrative record, we conclude that substantial evidence does not support the ALJ's decision to stop the sequential analysis of plaintiff's claim with a step two finding that he has no severe mental impairment. *See Gilbert v. Apfel*, 175 F.3d 602, 604-05 (8th Cir. 1999).

The record reveals that plaintiff was diagnosed with probable schizophrenia and depression. On February 13, 2004, plaintiff reported a two year history of hearing voices, noting that this had worsened over the past month. (Tr. 298-299). He stated that he did not recognize any of the voices, and that the voices did not tell him to do anything harmful to himself or others. In addition, plaintiff indicated that he sometimes stayed awake for as long as three days at a time, and experienced periods of "wild mood swings" and depression. As such, plaintiff was referred to South Arkansas Mental Health and Counseling Center in Magnolia, Arkansas. (Tr. 298).

On February 27, 2004, Dr. Diamond noted that plaintiff had been diagnosed with probable schizophrenia and depression by South Arkansas Mental Health and Counseling. (Tr. 297). Then, on April 28, 2004, Dr. Diamond documented the fact that plaintiff had been prescribed Ambilify and Seroquel to treat his probable schizophrenia and depression. (Tr. 293). Further, plaintiff indicated that he felt better about his "psychiatric situation." He was directed to continue his psychiatric

5

medications for his probable schizophrenia. (Tr. 293).

In addition, at the administrative hearing, plaintiff testified that he had been diagnosed with schizophrenia and depression approximately three months prior to the hearing. (Tr. 331). He indicated that his doctor had prescribed Ambilify and Seroquel to treat his condition, and that these medications made him "drowsy." (Tr. 332). This side effect, coupled with his diagnosis of depression, also reportedly made it difficult for him to get up each day. (Tr. 331). We note that Ambilify and Seroquel are psychotropic drugs used to treat schizophrenia and bipolar mania. PHYSICIAN'S DESK REFERENCE, p. 692, 918 (60th ed. 2006). Somnolence is a common side effect of these medications. *Id*. at 693.

It is significant to note that, in finding plaintiff's mental impairments to be non-severe, the ALJ also failed to properly consider the side effects of plaintiff's medications. The ALJ is required to consider all of the evidence relating to plaintiff's subjective complaints, including evidence concerning the dosage, effectiveness, and side effects of medications. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). As such, we cannot say that substantial evidence supports his conclusion that plaintiff's mental impairment is non-severe. As stated above, plaintiff carries a diagnosis of probable schizophrenia and depression, and has been prescribed two psychotropic drugs to treat these conditions. In fact, he even reported suffering from a side effect of these medications. This was not, however, considered by the ALJ. Instead, he dismissed plaintiff's contention of a severe mental impairment on the basis that plaintiff had only been treated for this condition for three months, and told his doctor that he felt better about his "psychiatric situation." (Tr. 293). As the evidence clearly reveals a diagnosis of probable schizophrenia and depression, we believe that the

6

case should be remanded to the ALJ for further consideration of plaintiff's mental impairment.

Further, as the evidence of record does not provide the ALJ with a clear picture concerning the mental limitations plaintiff suffers, on remand, the ALJ is further directed to develop the record further concerning these impairments. An ALJ has a duty to develop the record fully. *See Haley v. Massanari*, 258 F.3d 742, 749-50 (8th Cir. 2001); *McGhee v. Harris*, 683 F.2d 256, 260 (8th Cir.1982) (ALJ's admonition of unrepresented claimant for interrupting vocational expert required him to direct specific questions toward the claimant in order to make sure she understood the line of questioning and to ensure that the record was fully developed). In fact, "'[i]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision.'" *Boyd v. Sullivan,* 960 F.2d 733, 736 (8th Cir.1992) (quoting *Reeves v. Heckler,* 734 F.2d 519, 522 n. 1 (11th Cir.1984)); see also 20 C.F.R. § 404.1519a (2001). Thus, it is strongly recommended that the ALJ either order a consultative mental examination of plaintiff, or direct interrogatories to plaintiff's treating doctors, asking them to review plaintiff's medical records; to complete a mental RFC assessment regarding plaintiff's mental capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded

7

to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this 16th day of May 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)